UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| SONIA COLE, |
| Plaintiff, |
| -against- |
| U.S.A. GOVERNMENT, *3 Levels of Gov. . . . Federal, State, City, or All Gov. Agencies*, |
| Defendant. |

19-CV-5538 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, bring this action alleging violations of her civil rights. By order dated July 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, invoking the Court's federal question and diversity jurisdiction, brings this action against the United States Government, the federal government, the state government, and "city government, its agencies, et al." (Compl. at 4-5.) She uses the Court's complaint form and, in response to the form's question as to which of her federal or constitutional rights have been violated, she writes:

> Prosecutor's crime, even a judge/judges from one/all courts system can commit fraud for 33 years +, yes and moreso cover-up-corruption, bribery, one sided ex parte secret (F.O.I.A.) Bankruptcy Ct., Housing Ct., Supreme Ct., All other exposed, etc.[1] (*Id.* at 2.)

At other points in the complaint, she makes passing reference to claims such as "willful blindness," "conscious avoidance," and "generally § 5321(A)(6) – negligence violation $50,000." (*Id.* at 6.)

Plaintiff's factual allegations are similarly incoherent. For example, she states, "fraud in Bankruptcy Court – Judges/Trustee's/Staff," "fraud in Civil Housing Court – Judges Katz, Several Others," and "Whereas there an injustices anywhere, there an injustice's everywhere. I've totally tremendously been injure[d], damage eminently by reckless violation by banks,

---

[1] Plaintiff wrote her complaint by hand and uses unconventional sentence structure and capitalization throughout. For readability, the Court has changed many misplaced capital letters to lower case. The other grammatical errors quoted by the Court are reproduced from Plaintiff's complaint.

lawyers, lawyer's investors, court's, judge's, and or prosecutor's/courts admin." (*Id.* at 5-6.) Among other relief, Plaintiff seeks money damages and asks the Court to "[s]et aside a judgment for fraud on the court in bankruptcy, foreclosure, eviction, all others." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

The Court notes that Plaintiff has been barred under 28 U.S.C. § 1651 from filing any new federal civil actions IFP in the United States District Court for the Eastern District of New York unless she first obtains leave of the court to file. *Cole v. Testani*, No. 05-CV-3908 (CBA) (LB) (E.D.N.Y. Oct. 25, 2005). And, on January 30, 2013, the United States Court of Appeals for the Second Circuit imposed its own order prohibiting Plaintiff from filing any further appeals without leave and ordering the clerk's office of the court of appeals to refuse to accept any further submissions from Plaintiff unless she first obtains leave. *Cole v. Katz*, No. 12-1102 (2d Cir. Jan. 30, 2013).

Plaintiff is hereby warned that further duplicative or frivolous litigation in this Court will result in an order barring her from filing new actions IFP in this Court without prior permission. *See* 28 U.S.C. § 1651.

3

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 16, 2019
       New York, New York

                                      COLLEEN McMAHON
                                    Chief United States District Judge